UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LANNETTE M. SCHNEEBERG, also known as LANNETTE M. JORDAN, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>AMERICAN AIRLINES, INC., a foreign for-profit corporation and TRANSPORT WORKERS UNION OF AMERICA AFL-CIO LOCAL 514, an organized labor union.<br><br>    Defendants. | Case No.: 24-cv-00219-SEH-MTS24<br><br>**ATTORNEY LIEN CLAIMED**<br>**JURY TRIAL DEMANDED** |

### FIRST AMENDED COMPLAINT

COMES NOW, the Plaintiff, Lannette M. Schneeberg, also known as Lannette M. Jordan, by and through her attorney of record, Charles T. Battle, for her Petition against the Defendants, American Airlines, Inc. and Transport Workers Union of America AFL-CIO Local 514(collectively hereinafter referred to as "**Defendants**"), alleges and states the following:

### I.
### THE PARTIES

1. Plaintiff, Lannette M. Schneeberg, also known as Lannette M. Jordan (hereinafter referred to as "**Ms. Schneeberg**" or "**Plaintiff**"), is an individual who resides in Wagoner County, Oklahoma.

2. Defendant, American Airlines, Inc. (hereinafter referred to as "**American Airlines**") is a foreign for-profit company doing business in Tulsa County, Oklahoma. American Airlines can be served by and through its registered service agent, Corporation Service Company at 10300 Greenbriar Place, Oklahoma City, OK 73159. American Airlines is, and at all times relevant is, an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

1

§§ 2000e, *et seq.*, employing more than fifteen (15) individuals.

3. Defendant, Transport Workers Union of America AFL-CIO LOCAL 514 ("**TWU Local 514**") is an organized labor union responsible for assisting Ms. Schneeberg and similarly situated employees in the enforcement of rights under a Collective Bargaining Agreement. TWU Local 514 is located at 11945 East Pine Street, Tulsa, Tulsa County, Oklahoma 74116. TWU Local 514 is, and at all times relevant is, an organized labor union within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, with at least more than fifteen (15) members.

## II.
## JURISDICTION AND VENUE

4. This Court has general subject matter jurisdiction as the actions arise out of unlawful adverse employment decisions taken by Defendants American Airlines and TWU Local 514 against Ms. Schneeberg during her employment with American Airlines. The aforementioned adverse employment decisions are based upon sexual discrimination and harassment for wrongful demotion and a sexually hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e against Defendants American Airlines and TWU Local 514. Ms. Schneeberg is also bringing claims against Defendants TWU Local 514 (1) breach of collective bargaining agreement in violation of 29 U.S.C. § 185(a); (2) Breach of Duty of Fair Representation in violation of 29 U.S.C. § 185(a); and (3) breach of fiduciary duty.

5. This Court has personal jurisdiction over the Parties.

6. Defendants have availed themselves to the jurisdiction in and for the United States District Court of the Northern District Court of Oklahoma by conducting business in Tulsa County, Oklahoma.

7. Plaintiff has exhausted her administrative remedies against American Airlines by initiating a Charge of Discrimination with the Equal Employment Opportunity Commission

("EEOC") by filing EEOC Charge No.: 564-2023-01136 against American Airlines on or about March 13, 2023.

8. Thereafter, on or about August 21, 2023 the EEOC issued a Dismissal and Notice of Rights for Case No. 564-2023-01136.

9. Plaintiff has exhausted her administrative remedies against TWU Local 514 by initiating Charge of Discrimination by filing EEOC Charge No. 564-2023-01650 on or about May 19, 2023.

10. Thereafter, on or about August 8, 2023 the EEOC issued a Dismissal and Notice of Rights for Case No. 564-2023-01650.

11. Plaintiff exhausted her administrative remedies concerning her allegations in EEOC Case Nos. 564-2023-01136 and 564-2023-01650 by filing this action within ninety (90) days of the respective Right to Sue Notices by timely filing this Petition.

### III.
### STATEMENT OF FACTS

12. Ms. Schneeberg is a citizen of the United States of America and is a female.

13. At all times relevant to this Lawsuit, Ms. Schneeberg is an active dues paying member of TWU Local 514.

14. At all times relevant to this Lawsuit, Ms. Schneeberg is an employee of American Airlines.

15. American Airlines is a for profit airlines headquartered in Ft. Worth, TX.

16. On or about December 26, 1995, Ms. Schneeberg was hired by American Airlines.

17. Throughout her employment, Ms. Schneeberg was one of the few female employees employed at her location.

18. Ms. Schneeberg is also one of the few female members of TWU Local 514.

19. Throughout her employment with American Airlines, Ms. Schneeberg has been temporarily promoted as "acting" General Mechanic Crew Chief on multiple occasions.

20. On April 4, 2022, Ms. Schneeberg was promoted to General Mechanic Crew Chief on a ninety (90) working day probationary period.

21. From the outset of her promotion, Mr. Mike Stearns ("**Mr. Stearns**"), Senior Manager, would constantly stare at Ms. Schneeberg and be hostile towards her.

22. Mr. Stearns would also berate and belittle Ms. Schneeberg in front of her colleagues and subordinates.

23. Mr. Stearns also discriminated against Ms. Shmona Welch ("**Ms. Welch**"), another female employee.

24. On June 16, 2022, Ms. Welch was placed on a twenty-five (25) pound lifting restriction by her doctor.

25. Ms. Welch was able to perform her duties despite the weightlifting restriction.

26. Despite her ability to perform her work, Mr. Stearns required Ms. Welch to remain home until she received a full release from her doctor.

27. However, American Airlines allowed Mr. Bullock, a male employee, to continue working despite being subject to similar weight-lifting restrictions.

28. On June 26, 2022, Ms. Schneeberg received an unfavorable evaluation from Mr. Darrell Chance ("**Mr. Chance**").

29. The June 26, 2022 Evaluation had "30/60/90 days" at the top of the evaluation.

30. Ms. Schneeberg asked Mr. Chance why she had not received a thirty (30) day evaluation and Mr. Chance indicated that he did not know why Ms. Schneeberg did not receive a thirty (30) day evaluation.

31. Thereafter, on July 22, 2022, Mr. Stearns told Ms. Schneeberg and Mr. Dan Mott

("**Mr. Mott**") that "there were going to be people walking around, so make sure that no one is fucking around or finger fucking their phone".

32. As a woman, Ms. Schneeberg was offended by the term "finger fucking" and she found the term to be sexually offensive, crass, and obtuse.

33. On or about July 28, 2022, Ms. Schneeberg was summoned to an office with two (2) supervisors, Mr. Rich Orcholski ("**Mr. Orcholski**") and Mr. Lee McLeod ("**Mr. McLeod**").

34. As the meeting commenced, Mr. Orcholski informed Ms. Schneeberg that 'Mr. Stearns said that you can have union representation if you want'.

35. Mr. McCleod further informed Ms. Schneeberg that she probably needed union representation.

36. During the meeting, Mr. Orcholski and Mr. McLeod were complimentary, however, they informed Ms. Schneeberg that she was being demoted from her crew chief position back to avionics.

37. Thereafter, Mr. Mott was appointed as the interim chief of Ms. Schneeberg's crew.

38. Upon his appointment, Mr. Mott told Ms. Schneeberg's crew that Mr. Chance and Mr. Orcholski did not want to demote Ms. Schneeberg and that they wanted her to keep the crew chief position.

39. Mr. Mott also informed the crew that the decision to demote Ms. Schneeberg came from "higher management".

40. Mr. Mott's reference to "higher management" was an indication that Mr. Stearns made the decision to demote Ms. Schneeberg.

41. Additionally, Mr. Mott had been promoted around the same time as Ms. Schneeberg and been on probation at the same time as Ms. Schneeberg.

42. However, Mr. Mott did not receive a written evaluation during his probationary

period.

43. Additionally, Ms. Schneeberg was held to a completely different standard than Mr. Mott and other male colleagues.

44. Upon being demoted, Ms. Schneeberg was the first employee in hangars five (5) and six (6) to not succeed through probation and achieve a permanent promotion in the past fourteen (14) years.

45. Ms. Schneeberg was wrongfully demoted due to her sex.

46. Additionally, Ms. Schneeberg has been subject in a hostile work environment towards women.

47. Due to American Airlines's discriminatory behavior, Ms. Schneeberg filed a grievance on July 28, 2022 with TWU Local 514.

48. The grievance submitted by Ms. Schneeberg on July 28, 2022 was expeditiously denied on August 1, 2022.

49. Thereafter, Ms. Schneeberg second stepped her grievance pursuant to the Collective Bargaining Agreement on August 1, 2022.

50. However, the second step grievance was once again denied on August 1, 2022.

51. Ms. Schneeberg third-stepped the grievance on August 1, 2022.

52. On May 11, 2023, Ms. Schneeberg was informed that TWU Local 514 was dropping the grievance and not pursuing it because TWU Local 514 do not represent their members when the employer is being discriminatory.

53. However, the collective bargaining agreement with American Airlines specifically prohibits discrimination due to gender.

54. Therefore, TWU Local 514 failed to follow their grievance policy by pursuing the grievance.

55. Furthermore, TWU Local 514 failed to advocate for Ms. Schneeberg's promotion and/or caused and/or colluded with American Airlines to discriminate against her due to her being a female.

56. Mr. Schneeberg was harassed and wrongfully demoted as a result of her sex and has been forced to work in a hostile work environment.

57. As a direct and proximate result of Defendants unlawful conduct, Ms. Schneeberg has suffered injuries and incurred damages.

58. On or about March 13, 2023, Ms. Schneeberg filed EEOC Charge No.: 564-2023-01136 against American Airlines.

59. Thereafter, on or about August 21, 2023 the EEOC issued a Dismissal and Notice of Rights for Case No. 564-2023-01136.

60. On or about May 19, 2023 in EEOC Charge No.: 564-2023-01650 against TWU Local 514.

61. Thereafter, on or about August 8, 2023 the EEOC issued a Dismissal and Notice of Rights for Case No. 564-2023-01650.

62. Therefore, Plaintiff has exhausted her administrative remedies by timely filing this action within ninety (90) days of receiving the aforementioned Right to Sue letters.

## IV.
## CAUSES OF ACTION
### A.
### FIRST CLAIM
(TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000, *ET SEQ.*.-SEX)
(THIS CLAIM IS AGAINST DEFENDANTS AMERICAN AIRLINES AND TWU LOCAL 514 ONLY)

63. Plaintiff incorporates all of her prior allegations and further alleges and states as follows:

64. The matters alleged above constitute violations of Title VII of the Civil Rights Act

of 1964, 41 U.S.C. § 2000e., *et seq.* in the nature of sex-based discrimination regarding the American Airlines's and TWU Local 514's discriminatory conduct. As a result, Plaintiff was harassed, received unfavorable evaluations, was wrongfully demoted, and her experience in a hostile work environment resulted in Plaintiff experiencing severe emotional distress.

65. Furthermore, TWU Local 514 failed to advocate for Ms. Schneeberg's promotion and/or caused and/or colluded with American Airlines to discriminate against her due her being a female.

66. As damages, Plaintiff has suffered lost earnings, past and future, emotional distress, that Plaintiff be equitably restored to crew chief and/or a similarly situated position, and other equitable and compensatory damages allowed by Title VII of the Civil Rights Act of 1964, 41 U.S.C. § 2000e., *et seq.* and as amended by the Civil Rights Act of 1991.

67. Because American Airlines and actions were willful, wanton, with malice or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by Title VII of the Civil Rights Act of 1964, 41 U.S.C. § 2000e., *et seq.* and as amended by the Civil Rights Act of 1991.

### B.
### SECOND CLAIM
(BREACH OF COLLECTIVE BARGAINING AGREEMENT IN VIOLATION OF 29 U.S.C. § 185(A)) (THIS CLAIM IS AGAINST TWU LOCAL 514 ONLY)

68. Plaintiff incorporates all of her prior allegations and further alleges and states as follows.

69. The matters alleged above constitute violations of 29 U.S.C 185(A) for breach of Collective Bargaining Agreement.

70. Plaintiff has, for all times relevant to this lawsuit, been a dues paying member of TWU Local 514.

71. TWU Local 514 entered into a Collective Bargaining Agreement with American Airlines, whereby Ms. Schneeberg and other members were guaranteed fair resolution of grievances.

72. Due to American Airlines's discriminatory behavior, Ms. Schneeberg filed a grievance on July 28, 2022 with TWU Local 514, regarding American Airlines failure to permanently promote Ms. Schneeberg.

73. The grievance was expeditiously denied on August 1, 2022.

74. Thereafter, Ms. Schneeberg second stepped her grievance pursuant to the Collective Bargaining Agreement on August 1, 2022.

75. However, the second step grievance weas once again denied on August 1, 2022.

76. Ms. Schneeberg third-stepped the grievance on August 1, 2022.

77. On May 11, 2023, Ms. Schneeberg was informed that TWU Local 514 was dropping the grievance and not pursuing it because TWU Local 514 does not represent their members when the employer is being discriminatory.

78. However, the collective bargaining agreement with American Airlines specifically prohibits discrimination due to gender.

79. Therefore, TWU Local 514 breached the Collective Bargaining Agreement by failing to pursue the third-step of the grievance process.

80. Thus, Plaintiff is entitled to all relief available under the Labor Management Relations Act ("**LMRA**"), 29 U.S.C. § 185, including without limitation, back pay, compensatory damages, liquidated damages, punitive damages, costs, and a reasonable attorney's fee against Defendants for such unlawful conduct.

C.
### THIRD CLAIM
((BREACH OF DUTY OF FAIR REPRESENTATION IN VIOLATION OF 29 U.S.C. § 185(A)) (THIS CLAIM IS AGAINST TWU LOCAL 514 ONLY)

81. Plaintiff incorporates all of her prior allegations and further alleges and states as follows:

82. The matters alleged above constitute a breach of duty of fair representation for failing to provide fair and adequate representation in the grievance process pursuant to the Collective Bargaining Agreement.

83. Thus, Plaintiff is entitled to all relief available under the LMRA, 29 U.S.C. § 185, including without limitation, back pay, compensatory damages, liquidated damages punitive damages, costs, and a reasonable attorney's fee against Defendants for such unlawful conduct.

D.
### FOURTH CLAIM
(BREACH OF FIDUCIARY DUTY)
(THIS CLAIM IS AGAINST TWU LOCAL 514 ONLY)

84. Plaintiff incorporates all of her prior allegations and further alleges and states as follows:

85. Under the circumstances of the relationship between the TWU Local 514 and Ms. Schneeberg, Ms. Schneeberg reasonably placed her trust and confidence in the integrity and loyalty of TWU Local 514.

86. TWU Local 514 knowingly accepted her trust and confidence and failed to undertake certain actions in this relationship with Ms. Schneeberg.

87. As a result of the relationship of TWU Local 514 and Ms. Schneeberg, a fiduciary relationship existed.

88. TWU Local 514 breached their fiduciary duty to Ms. Schneeberg and the breach by TWU Local 514 was the direct cause of damages sustained by the Ms. Schneeberg.

WHEREFORE, the Plaintiff prays for judgment against TWU Local 514 for breach of fiduciary duty in excess of $75,000.00 for compensatory and punitive damages, with pre and post judgement interest allowed by law, costs of suit including reasonable attorneys' fees, and for other such relief this Court deems just.

## V.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Lannette M. Schneeberg, also known as, Lannette M. Jordan, and respectfully requests this Court enter judgment in her favor and against Defendants, for an award of damages in excess of $75,000.00 for actual damages, compensatory damages, back pay, front pay, equitable relief, liquidated damages[1], mental anguish, emotional distress, punitive damages, attorneys' fees, costs and interest, exclusive of attorneys' fees, costs and interest, along with any and all other relief this Court deems just and proper.

Respectfully submitted,

/s/

Charles T. Battle, OBA #22486
THE BATTLE LAW FIRM, PLLC
1415 NW 43rd Street
Oklahoma City, OK 73118
Telephone: (405) 420-0082
Facsimile: (405) 416-5492
Email: charles@battlelawfirmok.com
*ATTORNEY FOR PLAINTIFF LANNETTE M. SCHNEEBERG, ALSO KNOWN AS LANNETTE M. JORDAN*

*ATTORNEY LIEN CLAIMED!*
*JURY TRIAL DEMANDED!*

---

[1] Plaintiff is seeking liquidated damages for LMRA Claims and breach of fiduciary duty claims against TWU Local 514 only.

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

David R. Cordell
Hayley N. Stephens, OBA #32515
CONNER & WINTERS, LLP
4100 First Place Tower
15 East Fifth Street
Tulsa, OK 74103
(918) 586-5711
dcordell@cwlaw.com
hstephens@cwlaw.com
*ATTORNEY FOR DEFENDANT*
*AMERICAN AIRLINES, INC.*

Steven R. Hickman
1700 Southwest Boulevard
Tulsa, Oklahoma 74107
info@frasierlaw.com
*ATTORNEY FOR DEFENDANT*
*TRANSPORT WORKERS UNION*
*OF AMERICA, AFL-CIO LOCAL*
*514*

                                                     s/Charles T. Battle_____
                                                    Charles T. Battle