IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LANNETTE N. SCHNEEBERG, | ) |
|         Plaintiff, | ) |
| v. | ) Case No. 24-CV-219-SEH-MTS |
| AMERICAN AIRLINES, INC.; TWU, LOCAL 514; | ) |
|         Defendants. | ) |

**DEFENDANT TWU, LOCAL 514'S RESPONSE AND OPPOSITION TO MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL**

**COMES NOW** Defendant TWU, Local 514, and in response to Plaintiff's motion for leave to file exhibits under seal [Dkt. No. 58] and in opposition thereto would show the court as follows:

1. The documents which Plaintiff proposes to file under seal are those produced by Defendant AA, almost wholly from Defendant AA's first production.

2. Defendant AA's first production was after this court's protective order, which basically gave Defendant AA carte blanche to designate things protected. Of the 602 pages produced by Defendant AA in that first production, every single one was designated as confidential. Many of those pages were as confidential as the CBA between Defendant AA and the bargaining representative, which is available publicly on the internet.

3. In this connection, this Defendant notes that it has had discussions, which are not yet complete, with Defendant AA, which has agreed to release hundreds of those pages from the claim of protection.

4. Defendant AA, when it filed for summary judgment, also wanted things to be kept confidential. This Defendant objected, but the motion was granted without any response allowed by this Defendant and without anyone other than Defendant AA, including the parties and the court, from having any idea of what was proposed to be kept secret. Now this Defendant is given a couple of working hours at least to state its position and also to know which particular documents are at issue.

5. What mostly is proposed to be kept confidential is the names of the people involved in the case, such as Plaintiff and other employees of Defendant AA. Although birth dates and social security numbers may be secret, other information, such as an employee's name or the employee number assigned by Defendant American Airlines, does not appear to be the same. F. R. Civ. P. 5.2(a). Nor do telephone numbers nor email addresses (nor physical addresses, for that matter) appear to fall within the purview of that rule.

6. The local rule is that sealing documents is "disfavored", as well as protective orders . L. Cv. R. 5.2-2. A "showing" is necessary in either case. But these principles appear to be more honored in the breach than the observance - the protective order was entered without any showing that the documents to be protected should be. The first sealed filing was without any consideration of the documents themselves that were to be sealed. The claim in this motion is nothing more than the general statement that there is confidential business and personal information. But

SRH/vls
N:\Clients\OPEN\Vicki\@aashley clients\@TWU\TWU L 514 (Schneeberg v.) 24-2164\Motion for Leave to File 9-30-25.wpd

Page 2

a review of the documents does not, at least in large measure, substantiate that.

7. Nor has Plaintiff shown that, in the main, the parts she wants to seal cannot simply be redacted out, with no negative impact on her arguments. Compare L. Cv. R. 5.2-2(b).

8. The first page that is at issue is 59-1, page 2. This is a text message, although it is not identified who it is from and only who it is to by name. This Defendant does not see any reason for this to be confidential. Ditto 59-2, pages 23 - 27, 29.

9. The document at 59-1, page 4, is where Plaintiff was written up by one of her supervisors. Both of them have been deposed in the case. There was no personal identifier information as listed in F. R. Civ. P. 5.2 contained herein. This is one of the crux documents in the case. Why it should be confidential is not at all clear. The same can be said about document at 59-1, page 6, although it was a different of Plaintiff's supervisors. Ditto 59-2, pages 2, 31.

10. The document at 59-1, pages 8 - 9 appears to be emails among Defendant AA's management about whether a crew chief was doing a good job with the names of people involved being redacted. Again, there do not appear to be any personal identifiers to be excluded. Ditto 59-2, pages 4 - 6, 8 - 9[1], 11.

---

[1] These are the same as 59-1, pages 8 - 9, but redacted differently. Unexplained why the difference.

11. The document at 59-2, pages 13 - 22 appears to be Plaintiff's internal HR complaint at Defendant AA. This is also a crucial document in the case, but has neither confidential business nor personal information. Plaintiff seeks to redact the names of people who have mistreated her, but there is no reason that that should be kept from the public. Nor are Defendant AA - assigned employee numbers or a telephone number confidential.

12. In sum, there is almost nothing to hide here from the public. The documents ought to be open - filed.

Respectfully submitted,

FRASIER, FRASIER & HICKMAN, LLP

By: *s/Steven R. Hickman*
Steven R. Hickman, OBA #4172
1700 Southwest Blvd.
Tulsa, OK 74107
Phone: (918) 584-4724
Fax: (918) 583-5637
E-mail: info@frasierlaw.com
Attorney for Defendant TWU, L. 514

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on 30th day of September, 2025, a true, correct, and exact copy of the foregoing document was served *via* electronic notice by the CM/ECF filing system to all parties on their list of parties to be served in effect this date.

By: *s/Steven R. Hickman*
Steven R. Hickman

SRH/vls
N:\Clients\OPEN\Vicki\@aashley clients\@TWU\TWU L 514 (Schneeberg v.) 24-2164\Motion for Leave to File 9-30-25.wpd

Page 4